IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES FITZPATRICK, S09536, <br><br> Plaintiff, <br><br> v. <br><br> ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), <br> ROB JEFFREYS, ANTHONY WILLS, <br> COREY M. LAUER, <br> JOSHUA M. SCHOENBECK, <br> ANTHONY B. JONES, <br> WALKER, <br> YVETTE BAKER, <br> JOHN DOE ##1-7, and <br> INTERNAL AFFAIRS INTEL, <br><br> Defendants. | Case No. 22-cv-01944-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Fitzpatrick, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Menard Correctional Center (Menard), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the complaint, Plaintiff asserts claims for Eighth and Fourteenth Amendment deprivations stemming from an allegedly false disciplinary ticket for his leadership activity in a security threat group and his placement in segregation. *Id*. He seeks declaratory, monetary, and injunctive relief.[1] *Id*. at 1, 10.

The complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires

---

[1] Plaintiff refers to "Rule 65" relief in the opening paragraph but fails to identify exactly what interim relief he seeks. (Doc. 1, p. 1). In his closing request for relief, Plaintiff seeks an injunction requiring Menard officials to issue new internal affairs policies and procedures that ensure due process protections for inmates who are added or removed from the prison's "active gang status" list. *Id*. at 10. The Court interprets this request as one for injunctive relief *at the close of the case*. If Plaintiff seeks more immediate relief, he may file a separate motion for temporary restraining order and/or preliminary injunction pursuant to FED. R. CIV. P. 65 stating the exact relief he requires and setting forth the facts that support his request for relief.

the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion that is legally frivolous, malicious, or meritless must be dismissed. 28 U.S.C. § 1915A(b). The Court construes the factual allegations of the *pro se* complaint liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the complaint (Doc. 1): On or around April 18, 2022, Plaintiff received a disciplinary ticket for leadership activity in a security threat group (STG), after three confidential informants identified him as the "Vice Lord Chief Elite" of Menard Correctional Center's East Cell House. *Id*. at 14-27. Intelligence Officer Lauer issued Plaintiff the disciplinary ticket at the conclusion of an investigation into his gang membership. *Id*. at 4, 21. Plaintiff claims that Lauer targeted him for investigation and fabricated the charges against him. *Id*. at 4. He denied all charges and requested an opportunity to be heard, call witnesses, present evidence, and learn the identities of the confidential sources. His requests were denied.

At an Adjustment Committee Hearing before Chairperson Joshua Schoenbeck, Sergeant Anthony Jones, and Officer Walker on April 22, 2022, Plaintiff was found guilty of STG leadership activity. *Id*. at 5, 21, 24. He was punished with three months of segregation, three months of C-grade, and six months of contact visit restrictions. *Id*. at 24. He was also terminated from his prison employment. *Id*. at 4. Warden Anthony Wills affirmed this decision on appeal on May 18, 2022, and Sergeant Walker served Plaintiff with a copy of the final decision on May 31, 2022. *Id*. at 24.

During the investigation into his STG involvement that began March 28, 2022 and lasted for approximately two weeks, Plaintiff was placed in restricted housing in Cell N2-3-33. *Id*. at 21. While there, he endured unconstitutional conditions of confinement. *Id*. at 25. The toilets and sinks were broken, and the bunks were smeared with fecal matter. *Id*. at 4. The smell prevented Plaintiff from sleeping. As a result, he could not function normally and lost cognitive, motor, and coping

skills. *Id*. at 4-6. He requested and was denied cleaning supplies. *Id*. at 8-9. He also had no access to his property, including legal materials, paper, pen, bedding, and hygiene supplies. *Id*. at 4-6. When Sergeant Royster and Officer Kern ignored his requests for information about litigation deadlines, Plaintiff had to write the court to request extensions of deadlines in a lawsuit he filed to address medical claims. His placement in segregation exacerbated the pain caused by an undisclosed medical condition. *Id*. Plaintiff made daily complaints about the conditions of his confinement to Officer John Doe #7, but the officer ignored him. *Id*. at 5.

Plaintiff filed three grievances. *Id*. at 3. He filed the first one to complain about the conditions in restrictive housing on April 2, 2022, the second one to challenge the Adjustment Committee's decision on April 24, 2022, and the third grievance to complain about staff retaliation for filing a lawsuit. *Id*. at 25. Following review of all three grievances on June 24, 2022, Administrative Review Board (ARB) Member Ryan Kilduff and IDOC Director Robert Jeffreys ordered the expungement of Plaintiff's disciplinary ticket for STG leadership activity based on the committee's failure to indicate why the identities of the three confidential sources was withheld. Plaintiff's grievance addressing placement in restricted housing was denied as an administrative decision, and his grievance about staff retaliation was denied as unsubstantiated. *Id*.

### Preliminary Dismissals

**A.     Nonparties**

Plaintiff mentions several individuals in the statement of his claim but does not identify them as defendants in the case caption, including: Sergeant Royster, Officer Kern, and ARB Member Ryan Kilduff. When parties are not identified in the complaint's case caption or list of defendants, this Court will not treat them as parties. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"). Any claims against Royster, Kern, Kilduff, or other nonparties shall be considered dismissed without prejudice from this action.

B.  **Parties**

Plaintiff identifies the following individuals as defendants but sets forth no allegations against them: Yvette Baker, Internal Affairs Intel, and John Doe ##1-6. Where a plaintiff has not included the name of a defendant in his statement of claim or put forth any allegations against him or her, the defendant cannot be said to have notice of which claims, if any, are directed against that individual. FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Yvette Baker, Internal Affairs Intel, and John Doe ##1-6 shall be dismissed without prejudice.

### Discussion

Turning to the allegations, the Court designates three counts in the *pro se* complaint:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement in restricted housing at Menard by placing him in a filthy cell with a broken sink and toilet without cleaning supplies, hygiene supplies, or personal property for fourteen days beginning March 28, 2022.

**Count 2:** Fourteenth Amendment claim against Defendants for depriving Plaintiff of a protected liberty interest without due process of law at Menard by punishing him with three months of segregation, three months of C-grade, six months of contact restrictions, and job termination based on an allegedly false disciplinary ticket for STG leadership activity that was expunged on or around June 24, 2022.

**Count 3:** First Amendment retaliation claim against Defendants for taking adverse action against Plaintiff for filing a lawsuit to address medical complaints.

**Any other claim that is mentioned in the complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Page 4 of 5

## Count 1

The Eighth Amendment prohibits cruel and unusual punishment of convicted persons. U.S. CONST., amend. VIII. Prison officials violate the Eighth Amendment when they respond with deliberate indifference to adverse conditions that deny prisoners "the minimal civilized measure of life's necessities" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). Plaintiff alleges that Officer John Doe #7 disregarded his complaints about the conditions of his confinement in restricted housing for fourteen days beginning March 28, 2022—in a filthy cell with no working sink or toilet, no cleaning supplies, no hygiene supplies, and no personal property. Accordingly, Count 1 shall receive further review against Officer John Doe #7. Plaintiff identifies no one else in connection with this claim, so Count 1 shall be dismissed without prejudice against all other defendants.

## Count 2

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST., amend. XIV, § 1. To pursue a due process claim in the prison discipline context, a prisoner-plaintiff must show that he possessed a protected liberty or property interest and was deprived of that interest without due process. *Zinermon v. Burch*, 494 U.S. 113 U.S. 125 (1990); *Westefer v. Snyder*, 422 F.3d 570, 585-86 (7th Cir. 2005). Plaintiff claims that his expunged ticket resulted in punishment with three months in segregation, three months of C-grade, and six months of contact restrictions, and job termination.

Standing alone, a false disciplinary ticket does not give rise to a claim for a due process violation because "due process safeguards associated with prison disciplinary proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), *aff'd*, 70 F.3d 117

(7th Cir. 1995). These due process safeguards include advance written notice of the charges, the right to appear before an impartial hearing body and contest the charges, the right to call witnesses and present evidence, and a written statement summarizing the reasons for the discipline imposed. *Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The hearing committee's decision must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994).

However, prisoners are not entitled to Fourteenth Amendment due process protections in the first place, unless they can establish the deprivation of a constitutionally protected interest in life, liberty, or property. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995) (*per curiam*). A prisoner has no protected liberty interest in housing in the general inmate population, except in the rare instances that his "segregation conditions . . . constitute an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Seventh Circuit Court of Appeals has indicated that when a term of segregation is limited, typically to periods of less than six months, "an inmate's liberty interest in avoiding segregation is [likewise] limited or even non-existent." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases). *See also Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (no due process violation for ninety days in disciplinary segregation); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (no due process violation for sixty days in disciplinary segregation); *Thomas*, 130 F.3d at 760-62 (no due process violation for seventy days). *But see Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015); *Singh v. Gegare*, 651 Fed. Appx. 551, 555 (7th Cir. 2016) (noting that considerably shorter periods may establish a violation depending on the conditions or other punishments).

In this case, Plaintiff was given three months of segregation for a ticket that was expunged. Plaintiff does not indicate how long he was actually housed in segregation for this punishment

(*i.e.*, part or all of the ninety days), the dates he was in disciplinary segregation, any adverse conditions he endured, or any injury he suffered as a result. He instead complains about the conditions of his confinement for the two weeks he was placed in restricted housing on investigative status beginning March 28, 2022—before he was found guilty of STG leadership activity, issued a ticket, or punished with disciplinary segregation—and already addressed in Count 1. Absent basic facts about the dates of disciplinary segregation, length of actual disciplinary segregation, or conditions faced there, the Court is unable to find that a protected liberty interest was at stake or the right to due process of law was triggered under the Fourteenth Amendment. And, his loss of other institutional privileges adds nothing to the due process claim. *See, e.g., Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995); *Thomas*, 130 F.3d at 762 n.8; *Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) (loss of institutional privileges does no implicate a due process liberty interest). Accordingly, Count 2 shall be dismissed without prejudice against all defendants for failure to state a claim.

### Count 3

In order to articulate a retaliation claim under the First Amendment, a plaintiff must allege that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Plaintiff's bald assertion that the defendants retaliated against him for filing a lawsuit about medical issues falls short of articulating a retaliation claim against any defendant. Count 3 shall be dismissed without prejudice.

### Identification of John Doe #7

Plaintiff shall be allowed to proceed with Count 1 against John Doe #7, but he must identify the unknown defendant with particularity before service of the complaint can be made on him. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the

individual. *Rodriguez*, 577 F.3d at 832. Warden Anthony Wills (official capacity only) will remain named as a defendant for purposes of identifying this unknown person. Once the name of this officer is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of John Doe #7.

## Pending Motion

Plaintiff's motion to supplement complaint (Doc. 9) is **DENIED without prejudice**. Plaintiff attempts to amend his complaint, by excluding allegations and exhibits contained in the original complaint (and necessary to understand the nature of his claims) and adding facts that are not pertinent to those claims. Plaintiff is allowed to amend his complaint "once as a matter of course within [] 21 days after serving it." FED. R. CIV. P. 15(a). In all other cases, the complaint may be amended with consent of the opposing party or the Court's leave. *Id*. However, the Court generally does not allow piecemeal or supplemental amendments at any time.

When amending or modifying the complaint, Plaintiff should file a motion for leave to amend and attach a proposed amended complaint to the motion. The proposed amended complaint must stand complete on its own and include all claims against all defendants and exhibits. Plaintiff's motion for leave to amend should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1. Failure to comply with this requirement results in rejection of the proposed amended complaint. Once this lawsuit is served on John Doe #7 and he answers, the Court will enter a Scheduling and Discovery Order that provides instructions and deadlines for litigation, including a deadline for filing a motion for leave to amend the complaint in the event he chooses to do so.

**Disposition**

**IT IS ORDERED** that the complaint (Doc. 1) survives screening as follows: **COUNT 1** will receive further review against **JOHN DOE 7 (individual capacity only)**, once identified. Defendant **ANTHONLY WILLS (official capacity only)** remains named as a defendant for purposes of identifying the unknown defendant, and he need only file a notice of appearance in this matter in lieu of any other response or answer to the complaint.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim for relief. **ALL DEFENDANTS**, other than Officer John Doe #7 (individual capacity) and Warden Anthony Wills (official capacity), are **DISMISSED** without prejudice, and the Clerk's Office is **DIRECTED** to **TERMINATE** them as parties in CM/ECF.

**IT IS ORDERED** that Plaintiff's motion to supplement complaint (Doc. 9) is **DENIED**.

The Clerk of Court shall prepare for **ANTHONY WILLS (official capacity only)**, and, once identified, **JOHN DOE 7 (individual capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JOHNE DOE 7** until Plaintiff identifies the individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant **JOHN DOE #7** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   6/27/2023**

> s/ *Stephen P. McGlynn*
> **STEPHEN P. MCGLYNN**
> **United States District Judge**

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him or her with a copy of your complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your complaint. It will likely take at least **60 days** *from the date the defendant is served with this lawsuit* to receive the Defendant's Answers, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.