## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES FITZPATRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-CV-1944-MAB** |
| | ) | |
| **CHRISTOPHER KERN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant Christopher Kern's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 39). For the reasons set forth below, Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is DENIED at this time (Doc. 39). However, Defendant may request a *Pavey* hearing if he wishes to further challenge the specific factual issue of whether Plaintiff filed a grievance on April 12, 2022, that identified or described his claim and Defendant.

### BACKGROUND

Plaintiff Charles Fitzpatrick brought this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while incarcerated at Menard Correctional Center (Docs. 1, 10). Specifically, Plaintiff was placed in a restrictive housing cell on March 28, 2022, while an investigation was conducted regarding allegations that Plaintiff was involved in leadership activity of a security threat group ("STG") (Doc. 10

at p. 2; Doc. 39 at p. 1, fn. 1). For the next two weeks, Plaintiff alleges that he endured unconstitutional conditions of confinement while in restrictive housing including a broken toilet and sink, and a bunkbed that was smeared with fecal matter (Doc. 10 at p. 2). Plaintiff further alleges that his requests for cleaning supplies were denied and his daily complaints about the conditions of his confinement were ignored (Doc. 10 at pp. 2-3). According to Plaintiff, the conditions of his confinement prevented him from sleeping, limited his ability to function normally, and exacerbated his previous medical conditions and pain (Doc. 10 at p. 3).

Plaintiff initiated this action by filing his Complaint on August 19, 2022 (Doc. 1). The Court conducted a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A and Plaintiff was allowed to proceed on the following claim:

> **Count 1**: Eighth Amendment deliberate indifference claim against [Defendant Kern[1]] for subjecting Plaintiff to unconstitutional conditions of confinement in restricted housing at Menard by placing him in a filthy cell with a broken sink and toilet without cleaning supplies, hygiene supplies, or personal property for fourteen days beginning March 28, 2022.

(Doc. 10 at pp. 4-5).[2] The Court's preliminary review order also dismissed Defendants Yvette Baker, Internal Affairs Intel, and John Does 1 through 6 because Plaintiff's Complaint failed to raise any allegations against them (Doc. 10 at p. 4).

---

[1] Count 1 was originally permitted to proceed against Defendant John Doe 7 (Doc. 10 at p. 9). Plaintiff then filed a motion to substitute Christopher Kern, a correctional officer at Menard, for Defendant John Doe 7 on September 26, 2023 (Doc. 24), which was granted two days later (Doc. 25). Therefore, Defendant Warden Anthony Wills—who only remained in this case to help identify John Doe 7 (see Doc. 10 at p. 8)—is hereby dismissed without prejudice. The Clerk of Court is DIRECTED to TERMINATE Warden Wills as a party to this action.

[2] Plaintiff's Complaint also raised a Fourteenth Amendment due process claim and a First Amendment retaliation claim (see generally Doc. 1). However, the Court's preliminary review order dismissed both of those counts without prejudice for their failure to state a claim (Doc. 10 at pp. 4-7). Accordingly, this

In compliance with the Court's initial scheduling order (Doc. 38), Defendant filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies on May 21, 2024 (Doc. 39). Plaintiff then filed a response in opposition on June 11, 2024 (Doc. 40). Defendant did not file a reply in support.

<u>LEGAL STANDARD</u>

I.      *Summary Judgment Standards*

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has held that disputed factual questions can and should be resolved by the judge (rather than a jury) as a preliminary matter in an evidentiary hearing known as a "*Pavey* hearing." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). *Accord Wagoner*

---

Memorandum and Order has focused its discussion upon the allegations, events, and evidence related to Plaintiff's Eighth Amendment deliberate indifference claim found in Count 1.

*v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). But when a prisoner does not raise sufficient factual allegations to demonstrate a genuine dispute of material fact, then no evidentiary hearing is necessary. *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) (citing *Smallwood*, 59 F.4th at 318).

II.    *Exhaustion Requirements*

As provided in the Prison Litigation Reform Act, "[a] prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citing 42 U.S.C. § 1997e(a)). A remedy has not been exhausted if the prisoner has failed to abide by the procedures for pursuing relief. *Id.* Thus, to properly exhaust one's administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, an inmate is not required to exhaust administrative remedies that are not actually available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) ("Remedies that are genuinely unavailable or nonexistent need not be exhausted."). The Seventh Circuit has "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure." *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018); *see, e.g., Ramirez v. Young*, 906 F.3d 530, 537 (7th Cir. 2018) (grievance procedure was unavailable where prisoner was not notified of their existence because of his lack of English proficiency). Additionally, failure to exhaust administrative remedies is an affirmative defense that the defendants carry the

burden of proving. *Ramirez*, 906 F.3d at 533. "To meet their burden, the defendants must show beyond dispute that remedies were available." *Id.* at 534.

III.    *IDOC Grievance Procedures*

Individuals incarcerated within the IDOC are required to follow the grievance procedure outlined in the Illinois Administrative Code to exhaust their administrative remedies. *See* 20 Ill. Admin. Code § 504.800, *et seq.* (2017). To initiate the normal grievance process, an inmate must file a grievance with their institutional counselor within 60 days of the discovery of the incident. *Id.* at § 504.810(a). After the counselor provides a response, an inmate may submit the grievance to a grievance officer who is to report his or her findings and recommendations to the Chief Administrative Officer (the "warden") within two months. *Id.* at 504.830(e). The warden reviews the grievance officer's findings and recommendations, and then provides a written decision. *Id.* If an inmate is not satisfied with the warden's decision, the inmate has 30 days from the date of the warden's decision to appeal to the Administrative Review Board (ARB). *Id.* at § 504.850(a). The ARB then submits a written report to the Director of the IDOC, who makes a final decision within six months, when reasonably feasible. *Id.* at § 504.850(e).

Alternatively, an inmate can request for his or her grievance to be handled on an emergency basis by submitting the grievance directly to the warden. *Id.* at § 504.840. If the warden determines the grievance should not be handled as an emergency, the inmate is notified in writing that he or she may resubmit the grievance in accordance with the standard grievance process. *Id.* at § 504.840(c). Conversely, if the warden determines the grievance is an emergency, the warden must expedite processing of the grievance and

respond by indicating what action shall be or has been taken. *Id.* at § 504.840(b). Likewise, if an inmate seeks to appeal the warden's decision on a grievance that has been found to be an emergency, the ARB is also required to expedite processing of the grievance. *Id.* at § 504.850(f).

## Discussion

Defendant maintains that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment deliberate indifference claim against Defendant (*see generally* Doc. 39). Specifically, Defendant contends that none of the grievances filed by Plaintiff during the relevant time frame exhausted his administrative remedies as to Count 1 because they neither identified Plaintiff's deliberate indifference claim nor named or described Defendant (Doc. 39 at pp. 9-10). In response, Plaintiff claims that he explicitly grieved the conditions of his cell and the gallery officer's denial of cleaning supplies in a grievance filed on April 12, 2022 (Doc. 40 at p. 1-2).

Notably, Plaintiff does not appear to challenge Defendant's contention that none of the grievances on record exhausted his administrative remedies as to his deliberate indifference claim against Defendant (*see* Docs. 39, 40). The Court's own review of these grievance records confirms as much (*see* Docs. 39-1, 39-2, 39-3, 39-4). Namely, of the grievance records provided by Defendant filed from March 28, 2022, until August 19, 2022,[3] none of them complain of Plaintiff's cell conditions or Defendant's refusal to

---

[3] Grievance No. 259-1-23 does grieve Plaintiff's conditions of confinement and mentions Defendant Kern by name (*see* Doc. 39-4 at pp. 4-5). However, that grievance cannot be relied upon to exhaust Plaintiff's claim against Defendant because: (1) it complains of a different placement in segregation that occurred in

provide him with cleaning supplies and materials. For instance, in Grievance No. 23-4-22, dated April 3, 2022, Plaintiff grieves that he was wrongfully placed in segregation in retaliation for filing a lawsuit (Doc. 39-3 at pp. 13-14). Similarly, Grievance No. 284-4-22, dated April 24, 2022, grieves Plaintiff's placement in segregation and the disciplinary ticket he received for allegedly holding a leadership role within a security threat group (Doc. 39-2 at pp. 11-12). Meanwhile, Grievance No. 107-6-22, dated June 7, 2022, challenges the due process Plaintiff received at his disciplinary hearing (Doc. 39-2 at pp. 15-16). Additionally, several other grievances filed during the relevant time frame involve distinct medical concerns and do not discuss the conditions of Plaintiff's confinement during the two-week period in question (Doc. 39-3 at pp. 8-9, Doc. 39-2 at pp. 6-7). Consequently, irrespective of whether Plaintiff properly followed all steps of the grievance appeal procedure, none of the provided grievances exhausted Plaintiff's administrative remedies as to his deliberate indifference claim against Defendant because they do not identify or describe Defendant and do not identify or challenge the conditions of his confinement during the relevant two-week period. *See, e.g.*, *Roberts v. Neal*, 745 F.3d 232, 235-36 (7th Cir. 2014) ("The grievance has a fatal defect, but it lies elsewhere; it lies in the absence of anything in it to indicate that Davis was the target."); *Cunningham v. Isaacs*, No. 3:21-CV-247-MAB, 2022 WL 3026854, at *3 (S.D. Ill. Aug. 1, 2022) ("In short, the grievance must provide sufficient information to identify the defendant as the target

---

2023, and (2) it is dated January 20, 2023, and therefore was not exhausted prior to Plaintiff initiating this action. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (Explaining that a plaintiff must completely exhaust his administrative remedies before suit and that he cannot do so "while the litigation is pending.").

of the complaint or to implicate them in the alleged wrongdoing."); *Walton v. Scott*, No. 17-CV-664-SMY-RJD, 2018 WL 3242146, at *2 (S.D. Ill. July 3, 2018) (granting a motion for summary judgment where the plaintiff's grievance failed to name, identify, or describe the two defendants in question and also failed to even mention the issues raised in his lawsuit).

Crucially, however, Plaintiff's response also claims that he filed a grievance complaining of his cell conditions and Defendant's refusal to provide him with cleaning supplies on April 12, 2022 (Doc. 40 at pp. 1-2). Plaintiff further contends that he placed that grievance in the grievance box on that same day at 9:30 p.m. (Doc. 40 at p. 1). When Plaintiff did not receive a receipt or document confirmation number, he alleges that he attempted to contact his counselor about this issue by writing a letter, asking his counselor during segregation rounds, and submitting a request slip (Doc. 40 at p. 1). When none of those attempts proved fruitful, Plaintiff sent a letter on May 1, 2022, to Warden Wills and IDOC Director Jeffreys inquiring into his lost grievance and the issues he grieved about related to cell conditions and being denied cleaning supplies by Defendant (Doc. 40-1 at pp. 1-2).

Pertinently, an inmate may be excused from exhausting his or her administrative remedies if the grievance process is "not available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In other words, "prison officials cannot prevent an inmate from exhausting administrative remedies by ignoring properly filed grievances or by impeding the use of the grievance system by withholding necessary forms. Such barriers render administrative remedies not available, and an inmate does not forfeit his ability to file

suit by failing to exhaust unavailable remedies." *Reierson v. Monroe*, No. 09C3753, 2010 WL 748125, at *4 (N.D. Ill. Feb. 26, 2010). Likewise, when an inmate failed to exhaust his administrative remedies within the prescribed timeframe due to alleged physical incapacity and/or intimidation from prison officials, the Seventh Circuit held that "administrative remedies were unavailable to him, and thus not mandatory[.]" *Kincaid v. Sangamon Cnty.*, 435 F. App'x 533, 536 (7th Cir. 2011).

Here, a question of fact exists as to whether Plaintiff filed a grievance on or around April 12, 2022, that identified or described Defendant and Plaintiff's claim against him, which was later lost or destroyed through no fault of Plaintiff. Seventh Circuit precedent makes clear that an inmate does not forfeit his ability to file suit by failing to exhaust administrative remedies that were not actually available to him. *See generally Lanaghan*, 902 F.3d at 688 ("[T]he proper focus is not whether the defendants engaged in affirmative misconduct, but whether Lanaghan was not able to file the grievance within the time period through no fault of his own."); *Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006) ("Because Dole properly followed procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that Dole failed to exhaust his remedies."). Indeed, instances where a properly filed grievance is lost or destroyed once it is no longer in the inmate's possession provide a textbook example of a remedy that is not available. *See Dole*, 438 F.3d at 811. Therefore, if Plaintiff properly submitted a grievance on April 12, 2022, that covered the topics he alleges, but it was then lost or destroyed through no fault of Plaintiff, this would establish that Plaintiff exhausted the administrative remedies that were available to him.

Ultimately, there is a contested issue of fact regarding a dispositive issue: whether Plaintiff properly filed a grievance on April 12, 2022, that sufficiently identified or described his claim and Defendant. Due to this factual dispute, summary judgment for Defendant is inappropriate at this time and must be DENIED. An evidentiary hearing is needed if Defendant wishes to pursue the affirmative defense of exhaustion further. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *see also Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) ("At *Pavey* hearings, judges may hear evidence, find facts, and determine credibility."). Accordingly, if Defendant wants to continue to pursue the affirmative defense of failure to exhaust administrative remedies, he must file a notice within **14 days** of this Order requesting a *Pavey* hearing. If a hearing is requested, Defendant shall identify the witnesses he intends to call to testify as well as the subject matter of each witness.[4] If no request is made, the Court will enter a scheduling order for discovery on the merits of this case.

## CONCLUSION

Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies is DENIED at this time (Doc. 39). However, to the extent Defendant wishes to further contest the dispositive factual issue of whether Plaintiff properly filed an applicable grievance on April 12, 2022, he must file a notice within **14 days** of this Order requesting a *Pavey* hearing. If a hearing is requested, Defendant shall identify the

---

[4] Additionally, if Defendant does request a *Pavey* hearing, Plaintiff should bring any document he has that discusses the grievance he claims to have filed on April 12, 2022, or any document he has that questions or inquires why he received no response or grievance receipt number – including the letters he purportedly wrote to his counselor and Warden Wills inquiring into the lost grievance (assuming those letters or copies of them are still in his possession).

witnesses he intends to call to testify, as well as the subject matter of each witness. If no request is made, the Court will enter a scheduling order for discovery on the merits of this case.

Defendant Warden Anthony Wills – who was added to this case to help identify John Doe 7 – is DISMISSED without prejudice as John Doe 7 has now been identified. The Clerk of Court is DIRECTED to TERMINATE Warden Anthony Wills as a party to this action.

**IT IS SO ORDERED.**

**DATED:** January 23, 2025

**s/ Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**